**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:15-cv-00348-WYD-KLM

CUPID CHARITIES, INC.,

       Plaintiff,

v.

The DEW, LLC,

       Defendant.

---

## AGREED PROTECTIVE ORDER

---

WHEREAS, Plaintiff Cupid Charities, Inc. ("Cupid Charities") and Defendant The DEW, LLC ("The DEW") (collectively "Parties"), seek to expedite the flow of discovery, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure the only materials the Parties are entitled to keep confidential are subject to such treatment, and to ensure that the Parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial;

WHEREAS, it reasonably appears that the public disclosure of materials, information, and things determined to be confidential could cause irreparable financial and competitive harms to the disclosing Party; and

WHEREAS, good cause exists for the entry of a Protective Order that is narrowly tailored to protect the aforementioned confidential material, information, and things of the Parties and any

third parties from whom confidential material, information, or things are sought or is to be produced;

Pursuant to Fed. R. Civ. P. 26(c) it is HEREBY ORDERED THAT:

## PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Information designated and produced under this Protective Order shall be used solely for the purpose of this litigation and not for any other purpose.

## DEFINITIONS

"**Party**": any party to *Cupid Charities, Inc. v. The DEW, LLC*, Case No. 1:15-cv-00348-WYD-KLM, and any parent, subsidiary, or affiliate of a party of this Action, including all their officers, employees, consultants, or agents, whose information is produced under this Protective Order.

"**Action**": *Cupid Charities, Inc. v. The DEW, LLC*, 1:15-cv-00348-WYD-KLM.

"**Disclosure or Discovery Material**": all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

"**Highly Confidential – Outside Attorney Eyes Only**": sensitive information of the Designating Party (or of a third party to whom the Designating Party owes an obligation of confidentiality) and items such as those comprising or containing: (1) trade secrets under

2

applicable law; (2) commercial information (such as business plans, business strategies, market plans, market and/or demographic research, market penetration, market share, advertising, negotiations, and license agreements); (3) financial information (such as budgeting, accounting, sales figures, and advertising expenditures); or (4) business relationship information (such as information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), the disclosure of which to another Party or nonparty would create a risk of serious injury to the business or competitive interests of the Designating Party.

**"Confidential"**: any and all non-public or other confidential and/or proprietary information that any Designating Party believes in good faith the disclosure of which would result in competitive injury, and which is not covered by the definition of "Highly Confidential – Outside Attorneys Only."

**"Receiving Party"**: a Party that or who receives Disclosure or Discovery Material from a Designating Party.

**"Designating Party"**: a Party or non-Party that or who designates information or items that it produces in disclosures or in responses to discovery as "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential."

**"Protected Material"**: any Disclosure or Discovery Material that is designated as "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential."

**"Outside Attorney"** or **"Outside Counsel"**: attorneys who are not employees of a Party but are specially retained to represent a Party in this action.

"**Expert**": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been specially retained by a Party or its counsel to serve as an independent expert witness or consultant in this Action.

"**Professional Vendors**": persons or entities who or that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, jury consulting, etc.) and their employees and subcontractors.

## SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Materials.

## DESIGNATING PROTECTED MATERIAL

Documents, information, materials, legal memoranda, expert statements, and discovery responses, in whole or in part, may be designated under this Protective Order as follows:

The Designating Party shall designate material by placing a legend indicating the appropriate designation, such as "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" on the materials.

Deposition transcripts containing Protected Material must be marked with the legend "Highly Confidential – Outside Attorney Eyes Only" or "Confidential" or some similar legend on either the cover of the transcript or the individual pages containing such Protected Material as instructed by the Party or non-party offering or sponsoring the witness and presenting the

testimony. If a court reporter fails to properly label any transcript, all parties notified on the record at the deposition of the designation are nevertheless bound by the designation provided.

For information produced in some form other than documentary, for any other tangible item, and for any documents produced natively, the Designating Party shall affix, in some prominent place on the exterior of the container or containers in which the information or item is stored, the legend "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential."

## INADVERTENT FAILURE TO DESIGNATE

An inadvertent failure to designate qualified information or items as "Highly Confidential– Outside Attorney Eyes Only" and/or "Confidential" does not waive the Designating Party's right to secure protection under this Order for such material. If material is designated as "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" after the material was initially produced or served (or after deposition testimony was provided), the Receiving Party, on timely notification of the re-designation, must make reasonable efforts to ensure that the material is treated in accordance with the provision of this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

A Party that elects to challenge a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring with the Designating Party. In the conferral, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstance, and if no change is made to the designation is offered, explain the basis for the designation. A challenging Party may only seek judicial intervention upon completion of this process. A party that elects to press a challenge to a

confidentiality designation after considering the Designating Party's justification may file and
~~make~~ *pursuant to MJ Mix's discovery ~~review~~ procedures* ~~serve~~ a motion that identifies the challenged material and sets forth in detail the basis for the
challenge.

## <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

Material designated "Highly Confidential – Outside Attorney Eyes Only" and/or

"Confidential" may only be disclosed by the Receiving Party to:

a) Outside Counsel of record for the parties to this Action, with the exception of
Joshua Fine (who may not review any material designated as "Highly Confidential
– Outside Attorney Eyes Only," even if he appears in this matter as Outside
Counsel for The DEW), as well as partners, counsel, associates, agents, and
regularly employed staff and supporting personnel of such counsel to the extent
reasonably necessary to render professional services in this Action;

b) Persons who appear on the face of the Designated Material as an author, addressee,
or recipient thereof or who otherwise have prior knowledge of the confidential
aspects of the contents of the document or thing;

c) The Court and Court personnel (including stenographic reporters) and any
necessary law clerk, paralegal, secretarial, clerical, and other lay court personnel;

d) Subject to Paragraph 8 below, Experts (and employed assistants, secretarial, and
clerical staffs of each such Experts) who are not employees of the Receiving Party
and who are retained by a party *or* its attorneys of record in this action to assist in
the preparation of the case, such as independent economic, accounting, or scientific

experts or technical advisors, and to furnish technical or expert services in

connection with this Action; and

e)      Professional Vendors.

In addition, Designated Materials designated "Confidential" may also be disclosed to two

(2) employees of the non-Designating Party who first sign the Undertaking attached as Exhibit A.

Any such employee many only use such "Confidential" Designated Materials for the prosecution

or defense of this Action and shall not otherwise use or disclose any such "Confidential"

Designated Materials.

## PROCEDURES FOR APPROVING DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION OR ITEMS TO EXPERTS

Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a

Party that seeks to disclose to an Expert, as defined in this Order, any information or item that has

been designated "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" first

must make a written disclosure to the Designating Party that (1) sets forth the full name of the

Expert, business title, business address, and business profession, (2) attaches a copy of the

Expert's current Curriculum Vitae, (3) any previous or current relationship (personal or

professional) with any of the Parties or any entity that either the Receiving Party or Expert has

reason to believe is affiliated with either of the Parties, (4) identifies (by name and number of the

case, filing date, and location of the court) any litigation in connection with which the Expert has

provided any professional services during the preceding four (4) years, and (5) identifies all the

companies with which the individual has consulted or been employed within in the last four (4)

years. The Party must also serve and the Expert must sign the Undertaking attached as Exhibit A.

A Party that makes a request and provides the information specified above may disclose Designated Material to the identified Expert unless, within ten (10) business days of delivering the request, the Party receives a written objection from the Designating Party. A Party that serves a written objection must set forth the grounds on which it is based. A Party that receives a timely *KLM* written objection must confer with the Designating Party to try to resolve the matter by agreement within five (5) business days of receipt of the objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may ~~file~~ *make* a motion *pursuant to MT Mix's discovery procedures* seeking resolution of the parties' disagreement with respect to the expert. The Party seeking to make the disclosure of the subject Designated Material to the Expert shall not disclose the material until the motion is ruled upon by the Court.

## UNINTENTIONAL DISCLOSURE OF PRIVILEGED INFORMATION

Counsel shall employ their best efforts to identify documents or material protected by the attorney-client privilege, work-product doctrine, or any other privilege and/or immunity prior to the disclosure of any such documents or material.

If, however, a Designating Party determines it has inadvertently disclosed information that the Designating Party believes is privileged or otherwise immune from discovery, the Designating Party shall in writing notify the Receiving Party of the claim, set forth the basis for the claim, and request that the item or items be returned or destroyed. If the Designating Party learns of the inadvertent disclosure during a deposition or court proceeding the Designating Party may notify the Receiving Party orally during the relevant proceeding. If such request is made no Party shall thereafter assert waiver or privilege or immunity with respect to the information.

The Receiving Party will, regardless of whether it agrees with or contests the Designating

Party's claim of privilege, return or destroy the inadvertently produced documents or material, and

all copies and derivations thereof, within five (5) business days of the Receiving Party's receipt of

a written request for the return of the documents or material.  To the extent that the Receiving Party    *KM*

moves to compel the production of such materials, it may not use the contents of the

inadvertently-produced materials in any way in connection with the motion; its motion instead

must be based on the information provided in any privilege log relating to the materials in

question. *All discovery motions must be made in accordance w/ MJ Mix's discovery procedures.*

## FILING PROTECTED MATERIALS UNDER SEAL

Subject to the Federal Rules of Civil Procedure, the Local Rules, and the Electronic Case

Filing ("ECF") Procedures Manual, all pleadings and other writings that are electronically filed

with the Court and contain, refer to, or disclose information designated "Highly Confidential –

Outside Attorney Eyes Only" and/or "Confidential" shall be filed under seal.

## FINAL DISPOSITION

The restrictions on use of Designated Material set forth herein shall survive the conclusion

of the litigation and, after conclusion of the litigation, the Court shall exercise limited jurisdiction

for the purposes of enforcing this Protective Order.

Unless otherwise ordered or agreed to in writing by the Disclosing Party, within sixty (60)

days after the final termination of this action, each Party must return or destroy all "Highly

Confidential – Outside Attorney Eyes Only" and/or "Confidential" material and submit a written

certification to the Disclosing Party that all such materials have been returned or destroyed.

Counsel are entitled to retain copies of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product even if such material contain Designated Material.

## THIRD PARTIES

Any non-party shall also be entitled to the rights and protections provided to a Designating Party. A non-party that produces Disclosure or Discovery Material voluntarily, fails to object to a Party's notice that it will produce non-party confidential information, or that produces Material pursuant to a subpoena or a court order, may designate such Material in the same manner as a Party (or a Party may make such designation on a non-party's behalf), and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit. A non-party's use of this Protective Order does not entitle that non-party access to Material designated "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" by a Party.

## EXPERT DISCOVERY

In accordance with Federal Rule of Civil Procedure 26(b), communications and exchanges between counsel and Experts (including testifying Experts), including without limitation those made in preparing drafts of expert reports, are not discoverable unless the Expert relies on any such communication to support his or her opinion. In addition, draft expert reports are not discoverable. Communications and exchanges between counsel and non-testifying Expert witnesses are not discoverable. Neither Party shall seek non-discoverable Expert communications, exchanges, or draft reports.

## MISCELLANEOUS

Nothing in this Order abridges the right of any person to seek modification by the Court or to seek further Protective Orders. By stipulation to the entry of this Protective Order, no Party

waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Agreed Protective order.  Similarly no Party waives any right to object, on any ground, to the admission of any of the material covered by this Protective Order.  By stipulating to the entry of this Protective Order, the parties agree to be bound by the order before the Court enters this order.

SO ORDERED.

                                               _____
                                           U.S. MAGISTRATE JUDGE

| | |
|---|---|
| APPROVED: | APPROVED: |
| **PERKINS COIE LLP** | **STOEL RIVES, LLP** |
| By: */s/Elizabeth Banzhoff* | By: */s/ Joshua Gigger* |
| Amanda Tessar | Reed W. Morgan |
| Alexander J.A. Garcia | Marc T. Rasich |
| Elizabeth M. Banzhoff | Joshua G. Gigger |
| 1900 Sixteenth Street, Suite 1400 | 201 S. Main Street, Suite 1100 |
| Denver, Colorado 80202-5255 | Salt Lake City, Utah 84111 |
| Telephone: 303.291.2300 | Telephone: 801.328.3131 |
| Facsimile: 303.291.2400 | Facsimile: 801.578.6969 |
| atessar@perkinscoie.com | reed.morgan@stoel.com |
| ajagarcia@perkinscoie.com | marc.rasich@stoel.com |
| ebanzhoff@perkinscoie.com | josh.gigger@stoel.com |

**ATTORNEYS FOR CUPID CHARITIES, INC.**   **ATTORNEYS FOR THE DEW, LLC**

DATED: June 25, 2015.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.1:15-cv-00348-WYD-KLM

CUPID CHARITIES, INC.,

      Plaintiff,

v.

THE DEW, LLC,

      Defendant.

---

**EXHIBIT A TO PROTECTIVE ORDER**

**UNDERTAKING OF_____**

---

I, _____, state the following under penalties of perjury as provided by

law:

      I have been retained by _____ as an expert or consultant in

connection with this case/ I am in-house counsel for _____ _____. I will be

receiving "Highly Confidential – Outside Attorney Eyes Only" and/or "Confidential" information

that is covered by the Court's Protective Order dated _____, 2015.  I have read the Court's

Protective Order and understand that the "Highly Confidential – Outside Attorney Eyes Only"

and/or "Confidential" information is provided pursuant to the terms and conditions in that Order.  I

agree to be bound by the Court's Protective Order.

      I submit to the jurisdiction of the Court that issued the Protective Order for purposes of

enforcing that Order.  I give up any objections I might have to that Court's jurisdiction over me or

to the propriety of venue in that Court.

_____                    _____

Date:                                Signature

Subscribed and sworn to before
me this _____ day  of  _____, 201__.

_____

Notary Public-Printed Name