IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00348-WYD-KLM

CUPID CHARITIES, INC.,

    Plaintiff,

v.

THE DEW, LLC,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [#34][1] issued on August 10, 2015. The Order to Show Cause originated in a Minute Order [#33] allowing Attorney Reed W. Morgan, Attorney Marc T. Rasich, and Attorney Joshua G. Gigger to withdraw as counsel for Defendant and Counter Claimant The Dew, LLC ("Defendant Dew"). In the Minute Order, Defendant Dew was warned that a corporation, partnership, or other legal entity "may not appear without counsel admitted to the bar of this court . . . ." D.C.COLO.LAttyR 6. Accordingly, the Court ordered new counsel for Defendant Dew to enter an appearance on or before August 3, 2015. Defendant Dew was warned that "absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity."

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

D.C.COLO.LAttyR 6. New counsel failed to enter an appearance on behalf of Defendant Dew by August 3, 2015. As a result, the Court issued the present Order to Show Cause, which required Defendant Dew to (1) "show cause why this Court should not recommend that default and default judgment be entered against it based on its lack of counsel in this case," and (2) "show cause why this Court should not recommend that its counterclaims against Plaintiff be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, for failure to comply with Court Orders, and for lack of counsel." [#34] at 2-3. Defendant Dew was warned that "[f]ailure to respond and show good cause for its neglect of this case will result in the Court issuing a recommendation to enter default and default judgment against Defendant Dew and to dismiss Defendant Dew's counterclaims against Plaintiff." *Id.* at 3. The deadline for a response to the Order to Show Cause passed on August 25, 2015. *Id.* Defendant Dew has not filed a response to the Order to Show Cause or anything else on the docket since July 1, 2015, when its now-former counsel sought to withdraw from representation of Defendant Dew. *See Motion* [#30].

To date, new counsel has not entered an appearance on behalf of Defendant Dew. Federal Rule of Civil Procedure 16(f) provides in part: "On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii)-(vii) permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Further, Rule 16(f)(2) provides: "Instead of or in addition to any other sanctions, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust."

In *Big O Tires, LLC v. Black Toad Enters., LLC*, No. 14-cv-00824-RM-MJW, 2014 WL 4638398 (D. Colo. Sept. 17, 2014), an order to show cause was issued regarding a corporate defendant's failure to obtain counsel. Despite this warning, the corporate defendant did not obtain counsel. The assigned magistrate judge thereafter issued a recommendation recommending that default and default judgment enter against the corporate defendant. The recommendation was subsequently adopted by the district judge. Similar circumstances are present in this matter, in that the corporate defendant has been ordered to obtain counsel and yet has failed to do so. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#34] is **MADE ABSOLUTE**.

IT IS FURTHER **RECOMMENDED** that default and default judgment be entered against Defendant Dew based on failure to comply with Court Orders and its lack of counsel in this case. *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (permitting sanction of "rendering a default judgment against the disobedient party").

IT IS FURTHER **RECOMMENDED** that the counterclaims against Plaintiff be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute, for failure to comply with Court Orders, and for lack of counsel. *See* Fed. R. Civ. P. 37(b)(2)(A)(v) (permitting

sanction of "dismissing the action or proceeding in whole or in part"); Fed. R. Civ. P. 41(c) (stating that "[t]his rule applies to a dismissal of any counterclaim . . . ."); *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to a party's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2369, at 576-77 & n.1 (3d ed. 2008).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S.140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: September 3, 2015

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge